JOHNSTON v THORSBY

Docket No. 87657. Submitted October 20, 1986, at Detroit. Decided
May 22, 1987.

Ann P. Johnston and Richard E. Johnston, her husband, brought
an action in Wayne Circuit Court against Margaret A. Thorsby,
seeking noneconomic damages arising out of an automobile
accident. Plaintiffs alleged that Ann P. Johnston had suffered
serious impairment of body function. Defendant moved for
summary disposition on the basis that plaintiffs had failed to
meet the threshold requirement necessary to maintain an
action for damages. The record showed that Ann Johnston saw
a doctor shortly after the accident and complained of lower
back pain. Her lower back pain was diagnosed as lumbosacral
strain, and she was prescribed Tylenol. Ann Johnston then
waited two years before seeing any other doctor regarding the
alleged accident-related injury to her shoulder. Her treating
doctor at the time said that Ann Johnston might have had a
torn rotator cuff, but, if she did, it had long since healed. After
Ann Johnston underwent some physical therapy, the doctor
indicated that her shoulder had adequately healed and that he
did not anticipate future problems. The trial court, Michael L.
Stacy, J., granted defendant's motion for summary disposition.
Plaintiffs appealed.

The Court of Appeals *held:*

The question whether a plaintiff suffered a serious impair-
ment of body function must be submitted to the jury whenever
the evidence would cause reasonable minds to differ as to the
answer. In the instant case, reasonable minds could not but
conclude that the shoulder injury was not a serious impairment
of body function.

Affirmed.

INSURANCE — NO-FAULT — NONECONOMIC LOSS — SERIOUS IMPAIR-
MENT OF BODY FUNCTION.

The question whether a plaintiff suffered a serious impairment of

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

What constitutes sufficiently serious personal injury, disability,
impairment, or the like to justify recovery of damages outside of
no-fault automobile insurance coverage. 33 ALR4th 767.

body function must be submitted to the jury whenever the evidence would cause reasonable minds to differ as to the answer (MCL 500.3135; MSA 24.13135).

*Norman P. Ochs,* for plaintiffs.

*Dickinson, Brandt, Hanlon, Becker & Lanctot* (by *Philip R. Blanchard*), and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh* and *Martha F. Mothershead*), of Counsel, for defendant.

Before: D. F. WALSH, P.J., and M. J. KELLY and C. W. SIMON,* JJ.

PER CURIAM. Plaintiffs appeal from an order granting summary disposition of their claim for noneconomic damages arising out of an automobile collision that occurred on June 30, 1981. On September 3, 1985, the circuit court held that plaintiffs had failed to meet the threshold provided by MCL 500.3135; MSA 24.13135 and *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982), reh den 417 Mich 1104 (1983), and dismissed plaintiffs' complaint with prejudice. Plaintiffs appeal as of right.

*Cassidy,* however, has been overruled by *DiFranco v Pickard,* 427 Mich 32; 398 NW2d 896 (1986), which sets forth a new test for determining whether a no-fault plaintiff has sustained a serious impairment of body function under MCL 500.3135(1); MSA 24.13135(1). *DiFranco* has limited retroactive application, but applies to appeals pending when the decision was released, such as the instant case. *Id.,* p 75. We find that the lower court record in the instant case is sufficient for this Court to decide this case under the new standard set forth in *DiFranco.*

When reviewing orders granting or denying

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

summary disposition, this Court is required under *DiFranco* to make the following determination:

> a) whether a material factual dispute exists as to the nature and extent of the plaintiff's injuries, and
> b) whether reasonable minds could differ regarding whether the plaintiff had sustained a serious impairment of body function. [*Id.*, pp 38-39.]

Whenever the evidence would cause reasonable minds to differ as to whether the plaintiff suffered a serious impairment of body function, the question must be submitted to the trier of fact. *Id.*, p 38.

The record in the instant case shows that plaintiff saw a doctor shortly after the accident. Her lower back pain was diagnosed as lumbosacral strain, and she was prescribed Tylenol. Plaintiff then waited two years before seeing any other doctors regarding her alleged accident-related injury to her shoulder. Her treating doctor at the time said that plaintiff might have had a torn rotator cuff, but, if she did, it had long since healed. After plaintiff underwent some physical therapy, the doctor indicated that her shoulder had adequately healed and that he did not anticipate future problems.

We find that reasonable minds could not differ regarding whether these facts indicated that plaintiff had sustained a serious impairment of body function as a result of the auto accident. Plaintiff's wait of two years before seeking treatment of the shoulder and her doctor's diagnosis that her shoulder had by that time healed indicate that plaintiff's injury, if caused by the accident, was not a serious impairment of body function. Having made this determination, we find that under *DiFranco* this issue need not have been submitted to the

jury. Therefore, the trial court properly granted defendant's motion for summary disposition.

Affirmed.